# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS AND COMPANY, | Civil Action No.: 1:17-cv-224 RGA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ANCHI HOU, an individual, and JOHN DOE No. 1, an entity, | |
| Defendants. | |

## DUPONT'S BRIEF IN OPPOSITION TO DEFENDANT ANCHI HOU'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)

Dated: April 6, 2017

Michael P. Kelly (#2295)
Andrew S. Dupre (4621)
Christopher A. Selzer #4305)
McCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
adupre@mccarter.com
cselzer@mccarter.com

Michael J. Songer (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2500
msonger@crowell.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................1

SUMMARY OF ARGUMENT .......................................................................................................1

STATEMENT OF MATERIAL FACTS ..........................................................................................3

ARGUMENT ....................................................................................................................................4

I.     VENUE IS PROPER IN THIS DISTRICT UNDER 28 U.S.C. § 1391(b)(2) ...................4

II.    MR. HOU HAS WAIVED HIS RIGHT TO OBJECT TO VENUE ................................8

CONCLUSION ................................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Barnstead Broad. Corp. v. Offshore Broad. Corp.*,
    869 F. Supp. 35 (D.D.C. 1994) .................................................................................. 9, 10, 11

*Cabot Corp. v. Niotan, Inc.*,
    2011 U.S. Dist. LEXIS 113560 (E.D. Pa. Sept. 30, 2011) .................................................. 5, 6

*Crayola, LLC v. Buckley*,
    173 F.Supp. 3d 473 (E.D. Pa. 2016) ..................................................................................... 7

*Emekekwue v. Offor*,
    2012 U.S. Dist. LEXIS 152804 (M.D. Pa. Oct. 24, 2012) ..................................................... 9

*Harry Miller Co. v. Carr Chem.*,
    5 F.Supp. 2d 295 (E.D. Pa. 1998) ......................................................................................... 5

*Horne v. Adolph Coors Co.*,
    684 F.2d 255 (3d Cir. 1982) .............................................................................................. 4, 5

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ................................................................................................... 1

*Leroy v. Great Western United Corp.*,
    443 U.S. 173 (1978) .............................................................................................................. 9

*Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garm.
    & All. Indus. Fund et al.*,
    967 F.2d 688 (1st Cir. 1982) ................................................................................... 9, 10, 11

*Marquest Med. Prod., Inc. v. EMDE Corp.*,
    496 F. Supp. 1242 (D. Colo. 1980) ..................................................................................... 10

*Myers v. Am. Dental Ass'n.*,
    695 F.2d 716 (3d Cir. 1982) ................................................................................................. 4

*Neirbo v. Bethlehem Shipbuilding Corp.*,
    308 U.S. 165 (1939) .............................................................................................................. 9

*Neopart Transit, LLC v. Management Consulting, Inc., et al.*,
    2017 U.S. Dist. LEXIS 25255 (E.D. Pa. Feb. 23, 2017) .................................................... 5, 7

*Paolino v. Channel Home Centers*,
    668 F.2d 721 (3d. Cir. 1982) ......................................................................................... 5, 6, 7

**Page(s)**

*Vital State Canada, Ltd. v. DreamPak, LLC*,
  303 F.Supp. 2d 516 (D.N.J. 2003) ................................................................................... 5

*Wyrough & Loser, Inc. v. Pelmor Labs, Inc.*,
  376 F. 2d 543 (3d Cir. 1967) ............................................................................................ 9

**FEDERAL STATUTES**

28 U.S.C. § 1391 ................................................................................................................. 1, 5

28 U.S.C. § 1391(b)(2) .............................................................................................. 1, 2, 4, 6, 7

28 U.S.C. § 1404(a) ................................................................................................................. 1

28 U.S.C. § 1406 ...................................................................................................................... 1

**STATE STATUTES**

6 Del. C. § 2001(4) .................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 12 ..................................................................................................................... 9

Fed. R. Civ. P. 12(b)(2) ........................................................................................................... 9

Fed. R. Civ. P. 12(b)(3) ................................................................................................... 1, 4, 9

Fed. R. Civ. P. 12(g) ................................................................................................................ 9

Fed. R. Civ. P. 12(h) ................................................................................................................ 9

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff E.I. du Pont de Nemours and Company ("DuPont") hereby submits this Brief in Opposition to Defendant Anchi Hou's Opening Brief in Support of His Motion to Dismiss Complaint Pursuant to 28 U.S.C. § 1391 [D.I. 29].

This case involves the theft of DuPont's trade secrets related to flexographic photo-polymeric printing plate products, including DuPont's flagship Cyrel® flexographic printing plate technology. Defendant Anchi Hou has engaged in a scheme to misappropriate and infringe upon DuPont's intellectual property, particularly DuPont's Cyrel® trade secrets, and has breached his employment agreements by his actions.

DuPont filed the Complaint and the Court has granted a preliminary injunction prohibiting Mr. Hou from acquiring, disclosing, using, or making publicly available DuPont's trade secrets. [D.I. 23]. Defendant Hou filed his Motion to Dismiss in lieu of an Answer for lack of venue.[1]

## SUMMARY OF ARGUMENT

1. Defendant Hou's motion should be denied on two separate and independent grounds. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because the property at issue in this case – DuPont's trade secrets – is situated in Delaware, the corporate residence of DuPont. Mr. Hou also has waived his right to contest venue by virtue of his participation and active solicitation of the Court's authority with respect to an injunction entered against him.

---

[1] Mr. Hou moves for dismissal under Fed. R. Civ. P. 12(b)(3) for lack of venue. He seeks, as part of his relief for an improper venue, to dismiss the case or transfer it to the District of New Jersey under 28 U.S.C. § 1406. [D.I. 29 at 2, 4]. Mr. Hou does not seek to transfer the case under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Thus, DuPont will not address the transfer issue, including the multi-factor balancing test for transferring venue set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

2. Venue for the theft of trade secrets is determined based on the residence of the trade secret owner under 28 U.S.C. § 1391(b)(2). DuPont owns the Cyrel® flexographic printing plate trade secrets at issue in this case. DuPont is a Delaware resident. Venue is therefore appropriate in this Court, as the "substantial part of the property that is the subject of the action is situated" in Delaware. 28 U.S.C. § 1391(b)(2).

3. Defendant Hou argues that the "property" at issue is limited to his computers, DuPont's computers, and DuPont's equipment, all of which are physically located in New Jersey. This argument mischaracterizes and misconstrues the property at issue in the case. DuPont's property is its trade secrets, not the form in which those secrets reside, such as computer files or equipment. DuPont's trade secrets, as a matter of law, are "situated" in Delaware, a state where DuPont is a resident. Venue is thus appropriate in this judicial district.

4. Defendant Anchi Hou also has waived any right to contest venue by his conduct in this litigation. Defendant Hou submitted an Opposition to DuPont's Motion for an Injunction. [D.I. 17]. In that Opposition, Mr. Hou's "first defensive move," he voluntarily submitted to the venue (and jurisdiction) of this Court. Mr. Hou did not challenge venue in opposing the injunction; instead, Mr. Hou asked this Court to enter an Order limiting the injunction to a prohibition on the further acquisition, use, and disclosure of DuPont's trade secrets. Mr. Hou also asked the Court to deny expedited discovery, stating that he was willing "to abide by the injunctive relief" requested by DuPont. [D.I. 17 at 2]. This Court granted the injunction, relying upon and specifically citing Mr. Hou's willingness to abide by an injunction from the Court. [D.I. 23]. At no point during the injunction briefing did Mr. Hou claim venue was not appropriate in Delaware. In contrast, Mr. Hou willingly submitted to having this Court decide

2

the injunction issue, and thus has willingly accepted the venue and jurisdiction of this Court.  Mr. Hou has waived, by his conduct, any right to challenge venue.

## STATEMENT OF MATERIAL FACTS

The facts related to Mr. Hou's theft of proprietary and confidential DuPont information are simple and not subject to dispute.  Mr. Hou has admitted that he improperly took photographs of equipment located at DuPont's Parlin, New Jersey facilities in contravention of DuPont policies regarding photographs of DuPont technology.  [*See* D.I. 7, Declaration of Lyla El-Sayed dated March 2, 2017 ("El-Sayed Decl.") at ¶¶ 1-9].  Mr. Hou has admitted, and DuPont has confirmed, that Mr. Hou improperly copied and used over twenty thousand (20,000) computer documents related to Cyrel® flexographic printing plate technology.  [*Id*. at ¶¶ 10-13].  Mr. Hou has likewise admitted that he took this DuPont information for use in a future consulting business.  [*Id*. at ¶ 12].

Mr. Hou also signed three agreements with DuPont, a Delaware company, that relate to the issues in this case.  Mr. Hou signed an Employee Agreement on November 14, 1989.  [D.I. 1, Ex. 1].  Mr. Hou reaffirmed his commitment not to acquire, use, or disclose confidential information on December 5, 2016.  [*Id*. at Exhibit 2].  On that date Mr. Hou also signed a "Certificate of Compliance with Employee Agreement," stating that he did not have in his possession, nor has he failed to return, any DuPont documents and information, and reaffirming his obligation to maintain in confidence and not use for his benefit, or any other third party's benefit, DuPont confidential and proprietary information, know-how, and related information.  [*Id*. at Exhibit 3].

DuPont owns the trade secrets.  [D.I. 1, ¶ 55].  DuPont is a resident of Delaware.  [*Id.* at ¶ 8].  Mr. Hou worked in New Jersey for DuPont at DuPont's Advanced Printing business.

DuPont's Advanced Printing Business is not a separate corporate entity from DuPont, and the management of the business is run from Wilmington, Delaware. [D.I. 7, ¶ 7]. DuPont has heavily invested in developing its proprietary manufacturing techniques and information, including the Cyrel® flexographic printing plate technology. [*Id*. at ¶¶ 2-3].

Finally, Mr. Hou appeared before this Court and filed an Opposition to DuPont's motion for injunctive relief. Mr. Hou did not contest venue or jurisdiction in his filing. Instead, Mr. Hou voluntarily submitted to an injunction from this Court agreeing not to further acquire, use, or disclose DuPont's trade secrets. [D.I. 17 at 2]. The Court acknowledged Mr. Hou's voluntary submission when it entered the injunction against Mr. Hou. [D.I. 23].

## ARGUMENT

### I. VENUE IS PROPER IN THIS DISTRICT UNDER 28 U.S.C. § 1391(b)(2)

In resolving Mr. Hou's Rule 12(b)(3) motion to dismiss, the Court must accept as true the allegations in DuPont's Complaint. In addition, Mr. Hou bears the burden of demonstrating that venue is improper. *Myers v. Am. Dental Ass'n.,* 695 F.2d 716, 724-25 (3d Cir. 1982). Under the facts of this case and the applicable law, Mr. Hou cannot meet his burden and venue is appropriate in this judicial district.

Under 28 U.S.C. § 1391(b)(2), venue is proper in any judicial district where "a substantial part of property that is the subject of the action is situated." In the Third Circuit, a trade secret is "situated" where the owner resides. *Horne v. Adolph Coors Co.*, 684 F.2d 255, 259 (3d Cir. 1982)(A "trade secret…should be deemed to have [its] fictional situs as the residence of the owner.")[2]; *Paolino v. Channel Home Centers*, 668 F.2d 721 (3d. Cir. 1982);

---

[2] The plaintiff in *Horne* asserted claims for patent infringement, but the Court analyzed the situs of intellectual property for both patents and trade secrets.

4

*Cabot Corp. v. Niotan, Inc.,* No. 08-1691, 2011 U.S. Dist. LEXIS 113560 at *37 (E.D. Pa. Sept. 30, 2011)(finding a trade secret's situs is "at the residence of the owner"); *Vital State Canada, Ltd. v. DreamPak, LLC*, 303 F.Supp. 2d 516, 520 (D.N.J. 2003)(same).

Intellectual property, such as information that constitutes a trade secret, is an intangible property right. There is no physical "place" where the property exists. *Paolino*, 668 F.2d at 724 and n.2. Because no physical location exists, the Third Circuit, as a matter of law, determines the situs for intellectual property as "the state of residence of the person who initially developed and protected the trade secret…." *Id*; *Horne*, *supra*. There is no dispute that the Cyrel® flexographic printing plate trade secrets at issue in this case are owned by DuPont. They were created, conceived, designed, and developed by DuPont. [D.I. 1, ¶¶ 9-10, 54, 67].[3] They are also protected by DuPont. [*See, e.g., id.* at ¶¶ 15-18]. DuPont is a Delaware resident. [*Id.* at ¶ 8]. The Cyrel® flexographic printing plate trade secrets are thus "situated" in this judicial district, and venue is proper here.[4]

Establishing the situs of a trade secret at the owner's residence is also appropriate for large corporations such as DuPont, who develop and use their trade secrets in facilities spread across multiple judicial districts. For example, in *Cabot Corp. v. Niotan, Inc.*, *supra*, the trade

---

[3] When analyzing venue, some courts use phrases such as "creation" or "state of origin" in addition to the "state of residence" of the trade secret owner. *See, e.g., Neopart Transit, LLC v. Management Consulting, Inc., et al.*, No. 15-3103, 2017 U.S. Dist. LEXIS 25255 (E.D. Pa. Feb. 23, 2017) at *23-24; *Harry Miller Co. v. Carr Chem.*, 5 F.Supp. 2d 295, 298 (E.D. Pa. 1998). For example, the *Neopart* court used the phrases "residence of the owner," "state of origin," and "state of creation" interchangeably when citing the Third Circuit's *Horne* decision regarding residency of the owner. The *Harry Miller* court similarly used the phrase "state of origin" interchangeably when citing the Third Circuit's *Paolino* decision regarding residence of the owner. *Harry Miller*, 5 Supp. 2d at 298 and n.1.

[4] The fact that venue may also exist in New Jersey under 28 U.S.C. § 1391 is immaterial to the venue determination as venue can exist in more than one judicial district.

secrets were developed and used in different facilities in the United States and abroad. The court thus recognized the appropriateness of the Third Circuit law (set forth in *Paolino*) that determined a trade secret's situs based on the owner's residence rather than where it was used or developed. *Cabot*, *supra* at *38-39.

Defendant Hou has utterly ignored the precedent determining venue for trade secrets at the owner's state of residence. Instead, Mr. Hou argues that venue is inappropriate under section 1391(b)(2) because "all of the property that forms the subject of the claims" is located in New Jersey. [D.I. 29 at 4]. The "property" is identified as "Mr. Hou's work computer, his home computer, [and] the alleged USB storage drives…." *Id.* This identification, however, mischaracterizes and misconstrues the property interests at issue in this case. DuPont's <u>trade secrets</u> are the property at issue, not the physical form in which those trade secrets are maintained. DuPont is not claiming that the work computer, Mr. Hou's home computer, or removable drives themselves are trade secrets; instead it is the <u>information</u> contained in the computer files located on these devices that make up the trade secrets at issue in this case.

Trade secrets are defined as "information" and thus an intangible form of property. *See* 6 Del. C. § 2001(4)(defining a "trade secret" as "information."). The trade secrets, as information, are different and distinct from the physical embodiment where the trade secrets reside, such as on computers or in computer files. The Cyrel® flexographic printing plate trade secrets – the information related to, for example, the design, manufacture, marketing, and sale of the printing plates – constitute the property at issue in this case, and that property is owned by DuPont, a Delaware resident.[5]

---

[5] In determining venue, it is also appropriate to consider where the injury from the harm is felt. While this factor is not enough by itself to establish venue, it is not irrelevant. *Neopart Transit,*
(Continued...)

Defendant Hou also argues that the "proprietary manufacturing equipment Mr. Hou allegedly photographed" is located in New Jersey. [D.I. 29 at 4]. Again, this argument misconstrues the nature of the trade secret intellectual property right. While it is true that the physical equipment is located in New Jersey, that equipment is owned by DuPont, a Delaware resident. Moreover, as discussed above, the relevant inquiry is the situs of the trade secret "information" utilized in that equipment, which lies in Delaware.

Finally, Mr. Hou argues that "all of the alleged actions giving rise to the claims occurred in New Jersey, not Delaware" and that venue in this Court is thus inappropriate under the first prong of 28 U.S.C. § 1391(b)(2). [D.I. 29 at 4]. This argument is simply not relevant, as proper venue under section 1391(b)(2) can also exist where, as in this case, "a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).[6]

---

*LLC v. Management Consulting, Inc., et al.*, No. 15-3103, 2017 U.S. Dist. LEXIS 25255 (E.D. Pa. Feb. 23, 2017) at *24(citations omitted). In trade secret actions, the injury is felt by the owner in the owner's state of residence, no matter where the misappropriation may have occurred. *Paolino*, 668 F.2d at 724. In this case the harm from Mr. Hou's trade secret theft is felt by DuPont in Delaware, without regard to the fact that Mr. Hou may have actually been located in New Jersey when he misappropriated DuPont's trade secrets.

[6] *See, e.g., Crayola, LLC v. Buckley*, 173 F.Supp. 3d 473 (E.D. Pa. 2016). *Crayola* involved an individual who downloaded trade secrets onto a removable drive. The court found venue existed in Arkansas, the location where the downloading occurred. *Id.* at 480. However, in *Crayola* venue was analyzed under the first prong of section 1391(b)(2), not the second prong related to the situs of the property. Crayola also did not assert a trade secret misappropriation claim against the defendant. Thus, the court found that the *Paolino* decision – which found the situs of a trade secret where the owner resided based on presence of a state-created property interest – had limited application to its analysis. *Crayola, id.* at 479. Here DuPont has asserted a Delaware trade secret claim. Finally, the court stated, in a footnote, that the application of the location of the property prong of section 1391(b)(2) only applied to "property disputes or in rem actions." *Id.* at 479 n.4 (citations omitted). Even if that were true, DuPont – unlike Crayola – is asserting rights in, and seeking the return of, its property (*i.e.*, its trade secrets). *See also Neopart Transit*, *supra* at *23-*24, and n.8 (criticizing the *Crayola* decision because it disregarded the "clear" Third Circuit law holding that trade secrets are situated where their owner resides).

The Third Circuit law is clear that venue is appropriate in the judicial district where the trade secret owner resides. DuPont's action is appropriate in this Court, as DuPont, the owner of a massive amount of trade secrets that have been misappropriated by Mr. Hou, is a Delaware resident. Defendant's Motion should thus be denied.

## II. MR. HOU HAS WAIVED HIS RIGHT TO OBJECT TO VENUE

Notwithstanding the fact that venue is proper in Delaware, Mr. Hou has also waived any right to object to venue by virtue of the actions he has already undertaken in this Court. DuPont filed a motion for injunctive relief with this Court concurrent with the filing of its Complaint. An injunction requires the Court to evaluate a plaintiff's likelihood of success on the merits of the claim. Mr. Hou submitted an Opposition to DuPont's Motion for an Injunction. [D.I. 17]. Mr. Hou did not challenge venue in opposing the injunction. Instead, Mr. Hou did exactly the opposite, stating that he was prepared to agree to an injunction – from this Court -- prohibiting the further acquisition, use, and disclosure of DuPont's trade secrets. Mr. Hou also asked the Court to deny expedited discovery, again stating that discovery was not necessary because he was willing "to abide by the injunctive relief" requested by DuPont in this forum. [D.I. 17 at 2]. This Court relied and cited Mr. Hou's willingness to agree to a portion of DuPont's requested relief in granting an injunction. [D.I. 23]. At no point before, during, or after the injunction briefing did Mr. Hou claim that venue (or, for that matter, personal jurisdiction) did not exist in Delaware.[7] In contrast, Mr. Hou willingly submitted to having this Court decide the injunction

---

[7] Mr. Hou's counsel first raised the waiver issue on March 31 with respect to the Scheduling Order. By this time, however, Mr. Hou had already waived any right to object to venue by stipulating to an injunction.

issue. By so doing, he also willingly accepted the venue and jurisdiction of this Court by his conduct.[8]

The fact that Mr. Hou may have complied with Fed. R. Civ. P. 12(h) is not relevant. A party may waive any objections to venue (and personal jurisdiction) if those objections are not timely asserted, either procedurally or through its conduct in a case. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1978); *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); *Wyrough & Loser, Inc. v. Pelmor Labs, Inc.*, 376 F. 2d 543, 546 (3d Cir. 1967).[9]

Waiver of challenges to venue and jurisdiction can thus occur by a party's <u>conduct</u> before any responsive pleading or motion is due. *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garm. & All. Indus. Fund et al.*, 967 F.2d 688, 692 (1st Cir. 1982)(citing *Neirbo*, 308 U.S. at 168); *Wyrough & Loser, Inc.*, *supra*. "While normally raised in a party's answer or by motion, defendants wishing to raise lack of personal jurisdiction or improper venue must do so 'in their first defensive move,' which may or may not be the filing of an answer or a motion to dismiss." *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994) (*quoting Manchester Knitted Fashions*, 967 F.2d at 691-92). This is particularly true when a party indicates to a court that it is willing to abide by the Court's authority. *Barnstead*, 869 F. Supp. at 38 (quoting *Trans. World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir. 1990), *cert.*

---

[8] Mr. Hou has not questioned this Court's personal jurisdiction over him, basing its motion on F.R.C.P. 12(b)(3), not Rule 12(b)(2). In addition to waiving the right to challenge personal jurisdiction by his conduct, Mr. Hou's failure to raise it by a Rule 12 motion clearly constitutes a waiver under F.R.C.P. 12(g) and 12(h).

[9] The purpose of the waiver rules, whether by conduct or under Rule 12(h), is to force a party to bring preliminary defenses to the court's attention as quickly as possible to promote judicial economy. "Waiver by conduct" fosters compliance with the spirit of Rule 12(h), as they both serve the same purposes. *See Emekekwue v. Offor*, No. 11-cv-1747, 2012 U.S. Dist. LEXIS 152804 at *12, n.6 (M.D. Pa. Oct. 24, 2012)(citing *Wyrough*, 376 F. 2d at 547).

*denied*, 498 U.S. 926 (1990)) ("If a party enters a case, makes no objection to [personal] jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection.").

Mr. Hou's actions, particularly his stated willingness to abide by an injunction from this Court, act as a "waiver by conduct" of his right to challenge venue. DuPont filed for an injunction on March 3, 2017. Mr. Hou had a week to prepare a response to DuPont's motion for injunctive relief. He submitted, as his "first defensive move," an opposition to DuPont's motion. Mr. Hou did not contest venue in his opposition, thereby waiving the right to challenge it at a later time. *Manchester Knitted Fashions*, *supra*. *See also Marquest Med. Prod., Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 (D. Colo. 1980) (citing Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1391 at 855)(finding that a defendant "must exercise great diligence in challenging personal jurisdiction or venue," doing so at the time of the "first defensive move.").

Moreover, when Mr. Hou did respond to DuPont's Motion, he stated that he was willing to accept the Court's entering of an Order granting a portion of the injunctive relief sought by DuPont – namely, that Mr. Hou cease any further acquisition, use, or disclosure of DuPont's trade secrets. [D.I. 17 at 2]. In particular, Mr. Hou specifically requested "that the restraints [i.e., the prohibitions on Mr. Hou's conduct] **should be entered…by the Court**." *Id*.(emphasis added). DuPont relied on Mr. Hou's stipulation in preparing its Reply. [D.I. 20 at 1 ("Given Mr. Hou's willingness to accept an injunction against further acquisition, use, and disclosure of DuPont trade secrets, the issue remaining before the Court is DuPont's request for expedited discovery…"). The Court then entered an Order against Mr. Hou, limiting its scope to the exact prohibitions sought by Mr. Hou, and citing Mr. Hou's willingness to abide by the injunction. [D.I. 23]. By presenting a stipulated acceptance to injunctive relief from this Court, Mr. Hou

10

also waived any right to challenge jurisdiction or venue. *Manchester*, 967 F.2d at 691-92 (finding waiver appropriate because the defendant, in responding to a motion for a restraining order and injunction, had "unmistakably submitted to the jurisdiction" of the district court by entering into a stipulation "whereby [defendant] agreed to cease certain practices pending expedited discovery and communications" with the plaintiff).[10]

By this conduct Mr. Hou has waived any right to contest venue. He cannot "pick and choose" when he believes the Court has authority over him, or when the Court may decide specific matters. It is this type of conduct that the waiver rules, including waiver by conduct, are designed to prevent: "piecemeal" challenges to initial defenses such as service, jurisdiction, or venue. Mr. Hou responded to DuPont's motion. He requested and stipulated to a portion of the injunction, and then accepted the Court's imposition of that stipulation. Mr. Hou cannot now complain that venue does not exist in this judicial district.

---

[10] The timing associated with motions for temporary restraining orders or preliminary injunctions does not excuse a defendant's requirement to raise jurisdiction or venue challenges with any opposition or continuance. *Manchester*, 967 F.2d at 692-93 (citing the Third Circuit's decision in *Wyrough & Loser, Inc.*, *supra*, wherein one week was sufficient time to prepare a jurisdictional defense); *Barnstead*, 869 F. Supp. at 38-39 (denying motion to dismiss for lack of venue and finding waiver where defendant submitted an opposition to a preliminary injunction motion without raising venue or seeking a continuance to its ten-day timeline).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Anchi Hou's Motion to Dismiss.

Dated: April 6, 2017

McCARTER & ENGLISH, LLP

*/s/ Michael P. Kelly*
Michael P. Kelly (#2295)
Andrew S. Dupre (#4621)
Christopher A. Selzer (#4305)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
mkelly@mccarter.com
adupre@mccarter.com
cselzer@mccarter.com

Michael J. Songer (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:    (202) 624-2500
Facsimile:    (202) 628-5116
msonger@crowell.com

*Attorneys for Plaintiffs*

12