IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du PONT de NEMOURS AND COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>ANCHI HOU, an individual, and JOHN DOE No. 1, an entity,<br><br>     Defendants. | Civil Action No. 17-224-RGA |

## MEMORANDUM ORDER

On March 2, 2017, Plaintiff filed claims of misappropriation of trade secrets pursuant to 18 U.S.C. § 1836(b) and 6 Del. C. § 2001 *et seq.*, and breach of contract against Defendants. (D.I. 1). On April 6, 2017, the Federal Bureau of Investigation filed a criminal complaint against Defendant Anchi Hou alleging Possession of Stolen Trade Secrets in violation of 18 U.S.C. § 1832(a)(3). (D.I. 39 at 7). Defendant Hou moves to stay the proceedings pending "the resolution of the [c]riminal [a]ction." (*Id.* at 4). Alternatively, Defendant Hou moves to stay discovery as to Defendant Hou to "allow Plaintiff to continue to conducting discovery from third parties and preparing its case, while protecting Mr. Hou's constitutional interests." (*Id.* at 5-6).

"[The C]ourt has discretion to stay a case if the interests of justice require it." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). The court may apply a six factor test in determining whether to stay a civil case pending the resolution of a criminal case. *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004). "[C]ourts consider many factors, including (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's

interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest." *Id.*

The first factor, the extent to which the issues in the civil and criminal cases overlap, weighs in favor of granting the stay because the "the civil and criminal cases here involve the same issue — the alleged theft of [Plaintiff's] trade secrets." (D.I. 39 at 9). "The similarity of the issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." *Walsh Sec. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (citation omitted). Plaintiff argues that the criminal case "is at a very early stage," and the precision of overlap of the issues is unknown. (D.I. 40 at 11). The overlap is evident since Plaintiff provided the FBI with the "information that forms the basis of the [c]riminal [c]omplaint." (D.I. 39 at 9).

The second factor, the status of the criminal proceedings, favors granting the stay because "civil proceedings, if not deferred, would undermine [Defendant's] privilege against self-incrimination under the Fifth Amendment." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003). Plaintiff argues a stay until the resolution of the criminal case is "open-ended and indefinite" since Defendant Hou "waived his speedy-trial rights and agreed to a continuance." (D.I. 40 at 12). Defendant Hou, however, agreed to a continuance because plea negotiations are currently in progress. *United States v. Hou*, 2:17-mj-07049-CLW, D.I. 11 (D.N.J. Apr. 10, 2017). Plaintiff argues Defendant "Hou has not been indicted, and no indictment is imminent." (D.I. 40 at 12). "[Pre-indictment] requests for a stay are generally denied" because "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case." *Walsh Sec.*, 7 F. Supp. 2d at 527. "It is 'still possible' to obtain a stay,

2

even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation." *Id.* (citing Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989)). Although no indictment has been issued against Defendant Hou, he has been charged by complaint. There is therefore an active criminal investigation. Discovery against Defendant Hou poses a risk of self-incrimination and would force Defendant Hou to assert his Fifth Amendment privilege.

The third factor, the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay, heavily favors denying the stay. Plaintiff has a "clear interest in having discovery occur, for it is essential for [Plaintiff] to determine the magnitude and extent of [the] theft, including what [Defendant Hou] did with [Plaintiff's] trade secrets." (D.I. 40 at 13). "A failure by the owner to employ reasonable security measures to safeguard its trade secrets can cause such information to lose its trade secret status." *Bro-Tech v. Thermax, Inc.,* 651 F. Supp. 2d 378, 410 (E.D. Pa. 2009). "A trade secret once lost is, of course, lost forever." *FMC Corp. v. Taiwan Tainan Giant Indus. Co.,* 730 F.2d 61, 63 (2d Cir. 1984). Plaintiff argues the trade secret of its "Cyrel® flexographic printing plates are extremely valuable, and [Plaintiff] has an entire business operation employing thousands of individuals dedicated to their manufacture, sale, and use." (D.I. 40 at 14).

The fourth factor, the burden on the defendants, weighs in favor of granting the stay. Defendant Hou has a clear interest in protecting himself from self-incrimination during discovery of this civil matter. (D.I. 39 at 10). Plaintiff argues "any particular area where [Defendant Hou] may assert his rights are speculative given that depositions have not occurred, and that [Defendant Hou] has not yet responded to any interrogatories." (D.I. 40 at 17). Defendant Hou argues, "It is evident from the limited discovery Plaintiff has already sought to obtain . . . that

3

[Defendant Hou] would be forced to assert his [Fifth] Amendment right," and this would "serve no legitimate purpose, but rather, would unduly prejudice [Defendant Hou]" because Plaintiff "would undoubtedly seek an adverse inference against [Defendant Hou]." (D.I. 42 at 4-5).

The fifth factor, the interests of the Court, weighs in favor of granting a partial stay to discovery against Defendant Hou. The Court has "an interest in efficiently managing its caseload." *In re Adelphia Communs. Sec. Litig.*, 2003 WL 22358819, at *5 (E.D. Pa. May 13, 2003). Plaintiff argues "there is no way to predict when the criminal action will end," and staying the case could just promote inefficiency. (D.I. 40 at 18). "Without a stay, [Defendant Hou] will likely assert [his] Fifth Amendment rights, causing the court to decide a number of privilege issues during civil discovery." *In re Adelphia Communs. Sec. Litig.*, 2003 WL 22358819, at *5. Defendant Hou further argues that "the outcome of the [c]riminal [a]ction may assist the parties in settlement discussions." (D.I. 39 at 11).

The final factor, the public interest, favors granting a partial stay to discovery against Defendant Hou. The public benefits from the Government conducting a complete and unhindered investigation of criminal activity; however, "there is a generalized public interest in 'upholding the inviolability of trade secrets and enforceability of confidentiality agreements.'" *Bimbo Bakeries USA v. Botticella*, 613 F.3d 102, 119 (3d Cir. 2010) (citation omitted). The public is not significantly harmed by granting a partial stay to discovery against Defendant Hou; furthermore, the public interest can be satisfied by allowing discovery to continue against third parties.

Considering all the factors, the Court finds that a partial stay is warranted. **IT IS HEREBY ORDERED** that Defendant Hou's motion to stay (D.I. 38) is **GRANTED** in part and is **DENIED** in part. A partial stay is **GRANTED** to all discovery against Defendant Anchi Hou.

**IT IS SO ORDERED** this 9 day of June, 2017.

*Richard G. Andrews*
United States District Judge